UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY | * * | CIVIL ACTION NO. 23-719 |
| | * | SECTION: "A"(4) |
| VERSUS | * * | JUDGE JAY C. ZAINEY |
| TEXAS BRINE COMPANY, LLC and WICHITA PARTNERSHIP, LTD. | * * * | MAGISTRATE JUDGE KAREN WELLS ROBY |

## ORDER AND REASONS

The following motion is before the Court: **Rule 12(b)(6) Partial Motion to Dismiss for Failure to State a Claim (Rec. Doc. 22)** filed by Defendant, Wichita Partnership, Ltd. Plaintiff, Zurich American Insurance Company, opposes the motion. The motion, submitted for consideration on September 27, 2023, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED**.

### I. Background

Plaintiff, Zurich American Insurance Company ("Zurich"), seeks a declaratory judgment against the defendants, Texas Brine Company, LLC ("Texas Brine") and Wichita Partnership, Ltd. ("Wichita"). This action stems from an underlying suit currently taking place in the 17th Judicial District Court of Louisiana for Lafourche Parish. (Complaint ¶ 2). In the underlying suit, Wichita alleges that Texas Brine owns and operates several salt caverns that have leaked toxic chemicals, thus damaging the soil and groundwater on Wichita's property, and that Texas Brine's failure to remedy this issue has permanently damaged the drinking water and aquifers in the area. (*Id.* ¶¶ 29-31). Wichita asserts that this wrongful activity dates back to 1979, during which time Texas Brine knew or should have known of these effects upon Wichita's land. (*Id.* ¶ 34).

1

From 2009 to 2014, Zurich annually issued commercial general liability policies to Texas Brine, which claims to be an insured under the policies. (*Id.* ¶¶ 35-41). The policies covered Texas Brine's payment obligations stemming from bodily injury or property damage. (*Id.* ¶¶ 42-43). Zurich claims that the policies exclude property damage which was either expected or intended by the insurer, and that pollutants are excluded from the policies. (*Id.* ¶¶ 44-48).

With the above context, Zurich requests a declaratory judgment from this Court providing that: (1) Zurich does not have a duty to defend Texas Brine in the current state court lawsuit; (2) if Zurich has such a duty, it is limited to a pro rata share of the defense costs; and (3) Zurich does not have a duty to indemnify Texas Brine in the underlying lawsuit. In response, Wichita has moved for a partial motion to dismiss, arguing that no justiciable controversy exists between Zurich and Wichita.

**II.     Legal Standard**

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 556 U.S. at 679)).

In the context of a motion to dismiss, the district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor. *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001) (citing *Burchett v. Cargill, Inc.*, 48 F.3d 173, 176 (5th Cir. 1995)).

### III. Discussion

When facing a declaratory judgment action, district courts must engage in a three-step inquiry. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). First, the action must be justiciable, which turns on whether there is an actual controversy. *Id.* (citing *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 27-28 (5th Cir. 1989)). Next, the court must determine whether it has the authority to grant the requested declaratory relief. *Id.* (citing *Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)). Finally, the court must weigh a series of factors and decide, within its broad discretion, whether to dismiss or accept the action. *Id.* (citing *Travelers Ins. Co.*, 996 F. 2d at 776).

In determining justiciability, the district court must examine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The Fifth

Circuit has further developed this inquiry, stating that a controversy "must be definite and concrete, real and substantial, and admit of specific relief through a decree of a conclusive character" to be justiciable. *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).

Here, the controversy between Wichita and Zurich is definite and concrete: it "touch[es] the legal relations of parties having adverse legal interests." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937). Zurich has requested a declaration of rights as to its duty to defend Texas Brine in the underlying suit, as well as its duty to indemnify Texas Brine. Wichita asserts that, because Zurich is not a party to the underlying suit, and because the declarations Zurich seeks cover controversies exclusively between Zurich and Texas Brine, there is no controversy between Zurich and Wichita. However, Zurich and Wichita have adverse legal interests. Although Zurich's duty to defend claim in the declaratory judgment action relates to a contract to which Wichita is not a party, adjudication of the action may negatively impact Wichita's recovery in the underlying suit. Further, Wichita has a right of direct action against Zurich that it has not exercised; this action may determine the potential success of such a claim.[1]

Next, the controversy must be "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127 (quotation omitted). "[T]hreats of litigation can constitute evidence of a justiciable controversy even if they are 'indirect or implicit or covert.'" *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 295 (5th Cir. 2019) (quoting *Vantage Trailers*, 567 F.3d at 750). Here, Wichita has sued Texas Brine in state court. Although Wichita excluded Zurich from the lawsuit, Zurich remains potentially liable to Wichita under

---

[1] Under La. R.S. 22:1269, a plaintiff may attach the defendant's insurer where the insurance policy is a liability policy. In its complaint, Zurich has stated that, for the years at issue, it annually provided Texas Brine with commercial general liability coverage. (Complaint at ¶¶ 35-39). Therefore, it is subject to the provisions of La. R.S. 22:1269, and Wichita has a right of direct action against Zurich for recovery against Texas Brine. However, if this Court determines whether Zurich has a duty to defend or indemnify, the decision may impact whether a direct-action suit is ultimately successful against Zurich.

Louisiana's direct-action statute, La. R.S. 22:1269. Additionally, if this Court were to declare Zurich's rights, and if Wichita were to prevail in state court, then this action's disposition could affect Wichita's collection of the judgment by determining Zurich's duties to the state court defendant. If this Court does not retain Wichita as a party, future litigation is possible and may give rise to competing obligations. Since the state suit is ongoing, the controversy is sufficiently imminent.

Additionally, a claimant in an underlying suit is an indispensable party in a declaratory judgment action brought by an insurer against an insured. *Ranger Insurance Co. v. United Housing of New Mexico, Inc.*, 488 F.2d 682, 683 (5th Cir. 1974). In *Ranger*, a series of claimants were excluded from a declaratory judgment action to preserve complete diversity, raising the issue of whether a state-court claimant is an indispensable party in a declaratory judgment suit. *Id*. The court found that, practically, the action's disposition would impact the claimants. *Id*. It further noted that, while the district court could have shaped relief to avoid prejudice to the absent claimants, it would have resulted in failure to fully resolve the issue. *Id.* at 684. The issue could then potentially be relitigated as it directly related to the claimants, which would violate the policies promoted by Rule 19(b). *Id.*

In response, Wichita claims that *Ranger* was procedurally distinguishable—namely, the *Ranger* claimants were incapable of joining the suit due to subject-matter jurisdiction and therefore could not protect their rights. This difference, however, is insufficient to distinguish *Ranger*; the concerns expressed there still exist here. This Court's decision in this action will invariably impact Wichita, despite the fact that the action does not relate to a contract or express obligation between Wichita and Zurich. It is necessary for Wichita to defend its rights in some capacity during this

5

litigation. Due to its status as an indispensable party, Wichita cannot be dismissed as a party at this juncture.

The next step of the inquiry asks whether this Court has the authority to grant the requested declaratory relief. *Wolfe*, 212 F.3d at 895 (citing *Travelers Ins. Co.*, 996 F.2d at 776). Generally, a court lacks authority to determine a declaratory judgment action where:

> 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, *and* 3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act.

*Travelers Insurance Co.*, 996 F.2d at 776. Here, the declaratory defendant has not filed a cause of action in state court against the declaratory plaintiff. Although Wichita has a right to include Zurich in its suit, it declined to do so. Therefore, this Court has the authority to retain this action.

Finally, a district court has broad discretion to accept or deny a declaratory judgment action. However, while the court's discretion is broad, there remain limitations. "Courts may not dismiss requests 'for declaratory judgment relief on the basis of whim or personal disinclination.'" *Id.* at 778 (quoting *Griffin*, 876 F.2d at 28-29). Additionally, to properly exercise its discretion, a court must balance, on the record, the purposes of the Declaratory Judgment Act and the abstention factors. *Id.* Although Wichita has merely moved for a partial motion to dismiss and not challenged the appropriateness of this suit being litigated before this Court, it is prudent to analyze this matter under the factors.

In determining whether to accept a declaratory judgment action, a court must weigh a series of factors, including whether there exists a pending state action in which all matters in controversy may be fully litigated, *Griffin*, 876 F.2d at 29; "whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant," *Mission Insurance Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 (5th Cir. 1983); whether the action is an attempt at forum shopping, *Wolfe*, 876 F.2d at 29;

whether there are any possible inequities in allowing the declaratory plaintiff to gain precedence in time, *id.*; whether the court is a convenient forum, *Mission Ins. Co.*, 706 F.2d at 602; and whether retaining this suit would promote judicial economy, *id*.

Here, application of the factors does not suggest dismissal. The first factor does not present an issue. Wichita has not sued Zurich in any capacity in state court. Although the underlying action may, at some point, implicate Zurich, its present exclusion from the case suggests that the issues presented here will not be fully litigated in the current state court litigation. While Zurich did file suit in anticipation of a potential suit from Wichita—namely a direct-action suit or a suit for indemnification following a potential judgment against Texas Brine—the other factors cut in favor of retaining jurisdiction. The action here does not appear to be an attempt at forum shopping. The issues presented are, again, not presented in state court, nor is there any suggestion that Zurich has brought this suit in federal court to preclude state courts in Louisiana from adjudicating these issues. Further, there are no inequities to Wichita in allowing Zurich to gain some precedence in time. In fact, Wichita's sole position is that it should not be a party to this action, alleging that the issues presented are solely between Zurich and Texas Brine. However, these issues may eventually affect it in the state court proceeding. Finally, adjudication of these issues will prevent further litigation regarding these issues following the state court suit.

The factors above make clear that Zurich's declaratory judgment action is appropriate. There exists an actual and justiciable controversy between Zurich and Wichita, as any adjudication of these issues will likely impact Wichita's recovery in state court, and because the judgment in this matter will alter Zurich's duties to Wichita. Further, under Fifth Circuit law, Wichita is a necessary and indispensable party to this litigation.

Accordingly;

**IT IS ORDERED** that the **Rule 12(b)(6) Partial Motion to Dismiss for Failure to State a Claim (Rec. Doc. 22)** filed by Defendant, Wichita Partnership, Ltd., is **DENIED** for the reasons described above.

October 23, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE